E. CLEMENS HORST CO., INC., Appellant, v. HITTLEMAN GOLDENROD BREWERY, INC., and EDWARD B. HITTLEMAN, Doing Business under the Firm Name and

Style of EDWARD B. HITTLEMAN BREWERY, Respondents.— Action for damages by seller for breach of contract for the sale of hops. Counterclaim by buyer for damages for failure to make deliveries after seller assumed to treat contract as breached by the buyer. Judgment dismissing the complaint as against both defendants and in favor of the defendant Edward Hittleman on his counterclaim unanimously affirmed, with costs. An analysis of the contract discloses that it was the intention of the parties that this contract should be deemed to be entire, especially so far as each year's crops were concerned. The contract was a printed form prepared by the seller. The striking out of the provision " sight draft against bill of lading " is conclusive that there were not to be installment payments respecting a particular year's crops with the requirement of payment therefor upon an installment of partial delivery, and that the terms left in the contract " net cash against delivery " meant net cash as against delivery of the entire amount contracted for with respect to a particular year's crops. If the vendor intended that there should be a payment against each installment delivery in a particular year, it should have inserted the word " each " before " delivery " in the phrase it left in the printed form, or it should have struck out the phrase " net cash against delivery " and left without alteration the phrase " sight draft against bill of lading," which latter form of shipment it assumed to avail itself of when it made the shipment of 125 bales which arrived on November 28, 1934. That shipment under these circumstances was a breach by the plaintiff of its contract and the refusal to accept the shipment under these circumstances was not a breach of the contract on the part of the defendant buyer. Carswell, Adel and Taylor, JJ., concur; Lazansky, P. J., and Close, J., concur in result.